PAUL D. SUPNIK (CBN 52842)
paul@supnik.com
9401 Wilshire Blvd. - Suite 1250
Beverly Hills, CA 90212
Tel.: (310) 859-0100
Fax: (310) 388-5645

HOWARD S. FISHER (CBN 70835)
9401 Wilshire Blvd. - Suite 1250
Beverly Hills, CA 90212
Tel.: (310) 553-2000
Fax: (310) 553-0012
HSF@Howard S. Fisher.com

Attorney for Plaintiff
SEVEN MANAGEMENT SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CASE NO. CV12-2017 DSF (JCx)

| | |
|---|---|
| SEVEN MANAGEMENT SERVICES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ANDRE WAISMANN, and DOES 1 through 10, inclusive,<br><br>    Defendants. | **COMPLAINT**<br><br>1. Lanham Act § 43(a) 15 USC §§ 1051 et seq.,<br>2. Infringement Of Federally Registered Trademark<br>3. Trade Dress (common law)<br>4. Unfair Business Practices [Business & Professions Code §§ 17200 & 17500]<br>5. Intentional Interference with Prospective Economic Relationship |

## JURISDICTION AND VENUE

1.    This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"). Accordingly, this Court has

federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a).

2. Venue in this district is proper under 28 U.S.C. § 1391(b). This Court has federal subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

3. The Court has pendent jurisdiction on the California state claims. Plaintiff is informed and believes and thereon alleges that all of the action giving rise to this Complaint occurred within the judicial district of this Court.

**PARTIES**

***Plaintiff:***

4. SEVEN MANAGEMENT SERVICES, INC., formerly known as Institute Advanced Treatment Of Opiate Dependency, was incorporated under the laws of the State of California, in 1999, and is currently in good standing under the laws of the State of California ("Plaintiff").

5. At all times relevant, Plaintiff's principal place of business was and is located on Robertson Boulevard, Beverly Hills, California, which is within the Judicial District of the Court.

***Named Defendant:***

6. Plaintiff is informed and believes, and based thereon alleges that Defendant ANDRE WAISMANN (hereinafter referred to as "AW") is an individual, with his principal place of residence in Israel, but who has taken action directed at Plaintiff, within the Judicial District of this Court.

### *Doe Defendants/Agency:*

7. The true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff at this time. Plaintiff will seek leave to amend this Complaint when the true names and capacities of said defendants have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner responsible or liable for the acts and damages alleged herein.

8. Plaintiff is further informed and believes and thereon alleges that at all times relevant hereto, each of the defendants was the agent, servant, and employee of the remaining defendants and in doing the things hereinafter alleged, each was acting within the course and scope of such agency and employment.

## FACTUAL BACKGROUND

9. Plaintiff, is a California corporation, engaged in national advertising and marketing on behalf of physician practices, which Plaintiff manages.

10. Clare Waismann Kavin is the president of Plaintiff. Defendant Andre Waismann is the brother of Clare Waismann Kavin.

11. Since 2000 Plaintiff has actively marketed the phrase WAISMANN METHOD through out the United States, through various

media, including newspapers, billboard, television, the internet, and other forms of media. Plaintiff has expended substantial time and money to promote and market the phrase WAISMANN METHOD.

12. Plaintiff has registered as a federal service mark WAISMANN METHOD, Registration Number 3,899,834, with the United States Patent And Trademark Office, for the "rehabilitation of drug addicted patients, namely, opiate detoxification." Plaintiff has the exclusive right to utilize all federally registered trademarks and trade name Waismann Method, in connection with opiate detoxification.

13. Plaintiff annually realizes substantial income from the exploitation of services under the WAISMANN METHOD® mark.

14. Due to Plaintiffs extensive marketing and promotion of the term WAISMANN METHOD®, the term WAISMANN and WAISMANN METHOD have developed a substantial reputation in connection with opiate detoxification and thus has a strong secondary meaning in the United States, in connection with opiate detoxification.

15. Andre Waismann, is a physician, but not licensed to practice medicine in the United States. He lives full time in Israel, and occasionally visits the United States. Plaintiff is informed and believes and based thereon alleges that Andre Waismann is occasionally in the United States under a visa waiver program, for tourists from Israel.

16. Since 2000, Andre Waismann has traveled to the United States at least five time, and during such trips has stayed at the residence of Clare

Waismann, the President of Plaintiff. During those visits, Andre Waismann knew, was advised and became fully aware through extensive interaction with Clare Waismann that Plaintiff was promoting and marketing services under the term WAISMANN METHOD®. At no time did Andre Waismann ever object to the use of such name/mark by Plaintiff.

17. Plaintiff is informed and believes and based thereon alleges that Andre Waismann has recently promoted his services, or engaged in marketing opiate detoxification under the phrase WAISMANN METHOD.

18. Plaintiff is informed and believes and based thereon alleges that Andre Waismann has advised others that he is the owner of the rights to the term WAISMANN METHOD in connection with treatment of opiate detoxification even though he has no rights in or to that phrase, or the mark related thereto.

19. Plaintiff is informed and believes and based thereon alleges that within the year last past Andre Waismann has commenced using the term WAISMANN METHOD to promote his services relating to opiate detoxification.

20. Within the year last past, Andre Waismann, and attorneys acting on his behalf, that threatened Plaintiff, and physicians whose practice Plaintiff manages and/or provides marketing services to, with litigation in state and federal court, if they do not cease using the name WAISMANN METHOD. Andre Waismann has made such threats with the intent to interfere with the contractual marketing and management arraignment between Plaintiff and several physicians.

COMPLAINT

21. Andre Waismann use of Plaintiff's mark is likely to cause confusion among prospective persons seeking services promoted or marketed by Plaintiff.

22. The aforesaid acts by Andre Waismann, and others in association of him, are likely to cause confusion, to cause mistake and deceive the public to believe that he/they are authorized, sponsored or approved by Plaintiff, despite the fact that this is not true. These acts also injure Plaintiff's mark in that it weakens its ability to function as a source of origin of plaintiff's authorized services. Plaintiff is further deprived from royalty income in that defendants are not paying plaintiff for the promotional benefits received from the use of plaintiff's well known mark, WAISMANN METHOD®.

23. The use by Andre Waismann and others of Plaintiff's mark also constitutes an attempt to palm off and appropriate to themselves the Plaintiff's exclusive rights therein.

24. Upon information and belief, Andre Waismann and others have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities to the great injury of Plaintiff.

25. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

# FIRST CAUSE OF ACTION
## VIOLATION OF THE LANHAM ACT,
and Does 1 through 10, inclusive ["Defendants"].)

26. Plaintiff realleges each allegation set forth in the paragraphs above.

27. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' as to the right to use Plaintiff's mark - WAISMANN METHOD.

# SECOND CAUSE OF ACTION
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
(Against Defendant Andre Waismann,
and Does 1 through 10, inclusive ["Defendants"].)

28. Plaintiff realleges each allegation set forth in the paragraphs above.

29. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(1)(a) with respect to Defendants' infringement of the registered mark.

# THIRD CAUSE OF ACTION

## TRADE DRESS (Common Law)

(Against Defendant Andre Waismann,

and Does 1 through 10, inclusive ["Defendants"].)

30. Plaintiff realleges each allegation set forth in the paragraphs above.

31. Plaintiff, through its labor, and efforts, including, but not limited to extensive national marketing, had created an identity that the public associates the phrase WAISMANN METHOD, as treatment for opiate detoxification.

32. Through Plaintiff's actions, the phrase WAISMANN METHOD is inherently distinctive or has acquired a strong distinctive secondary meaning.

33. Unless Defendants actions are halted by this Court, Defendants actions create a likelihood of public confusion, and infringe Plaintiff's rights in the phrase WAISMANN METHOD.

34. As a proximate result of Defendants' fraudulent actions Plaintiff has suffered general and special damages in an amount according to proof at time of trial.

# FOURTH CAUSE OF ACTION
# UNFAIR BUSINESS PRACTICES
# [BUSINESS & PROFESSIONS CODE §§ 17200 & 17500]

(Against Defendant Andre Waismann,

and Does 1 through 10, inclusive ["Defendants"].)

35. Plaintiff realleges each allegation set forth in the paragraphs above.

36.

37. Beginning at an exact date unknown to Plaintiff but within the year last past, Defendants committed acts of unfair competition, as defined by Business and Professions Code Section 17200, by attempting to disrupt the business of Plaintiff and deprive Plaintiff of fulfilling its contractual obligations.

38. These acts and practices, as described herein above, violate Business and Professions Code, Section 17200 in the following respects:

(a) Defendants' policies and practice constitutes an unlawful business act or practice within the meaning of Business and Professions Code 17200.

(b) Defendants' conduct threatens a violation of California Commercial Code, consumer law, and State Fraud statutes and, consequently, constitutes a fraudulent business act or practice within the meaning of Business and Professions Code, Section 17200.

(c) Defendants' acts and fraudulent misrepresentations as more fully set forth herein, are incorporated herein by this reference and are by definition, violations of Business and Professions Code, Section 17200.

39. The unlawful, unfair, and fraudulent business practices and false representations of Defendants, as described hereinabove, present a threat to members of the public, in that Defendants' practice is both intentionally misleading and intentionally deceptive in the solicitation of the general public. Plaintiff and other members of the general public have no adequate remedy of law in that without an injunction, the unlawful, unfair, and fraudulent conduct will continue.

40. Plaintiff is informed and believes and based thereon alleges that as a direct and proximate result of the aforementioned acts, Defendants, and each of them, received and continue to hold income belonging to Plaintiff. Wherefore, Plaintiff prays for relief as set forth hereinafter, including injunctive relief, and disgorgement of profits.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP
(Against Defendant Andre Waismann,
and Does 1 through 10, inclusive ["Defendants"].)

41. Plaintiff realleges each allegation set forth in the paragraphs above.

42. Plaintiff had a contractual relationship with AAMOD, a California professional corporation, that employs inter alia Dr. Clifford Bernstein.

43. Defendants were aware of the above described contractual relationship.

44. Within the year last past Defendants intentionally and wrongfully interfered with Plaintiff's contractual relationship by sending threatening written communication to Dr. Bernstein, seeking to have him cease association with the mark, even though the mark is licensed by Plaintiff to AAMOD/Dr. Bernstein.

45. As a direct and proximate result of actions of Defendant, as set forth above, Plaintiff has suffered damages, in an amount according to proof at the time of trial.

46. In doing the things herein alleged, Defendants acted with malice, oppression and/or fraud as defined in CC § 3294(c), in conscious disregard of Plaintiff's rights, thereby incurring punitive damages.

## PRAYER

WHEREFORE, Plaintiff prays judgment against the Defendants as follows:

### AS TO THE FIRST CAUSE OF ACTION
### (Lanham Act Section 43(a))

Against all Defendants

1. As to Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with

COMPLAINT

them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from using the term WAISMANN METHOD or WAISMANN in connection with the advertising, promotion, offering for sale or sale of opiate detoxification services or otherwise implying that defendants opiate detoxification services is authorized by Plaintiff, whether in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

2. Plaintiff is entitled to Defendants' profits and any damages sustained by the Plaintiff in an amount to be determined according to proof.

3. That defendants' actions be determined to be wilful and that the amount of damages be trebled.

4. Attorney fees and costs pursuant to statute.

### AS TO THE SECOND CAUSE OF ACTION
### (Federal Trademark Infringement)
Against all Defendants

5. As to Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from using the term WAISMANN METHOD or WAISMANN in connection with the advertising, promotion, offering for sale or sale of opiate detoxification services or otherwise implying that defendants opiate detoxification

services is authorized by Plaintiff, whether in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

6. Plaintiff is entitled to Defendants' profits and any damages sustained by the Plaintiff in an amount to be determined according to proof.

7. That defendants' actions be determined to be wilful and that the amount of damages be trebled.

8. An award of statutory damages under Section 15 U.S.C. §§ 1117 if elected by the Plaintiff at any time before judgment.

9. Attorney fees and costs pursuant to statute.

## AS TO THE THIRD CAUSE OF ACTION
### (Common Law Trade Dress)
Against all Defendants

10. As to Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from using the term WAISMANN METHOD or WAISMANN in connection with the advertising, promotion, offering for sale or sale of opiate detoxification services or otherwise implying that defendants opiate detoxification services is authorized by Plaintiff, whether in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

11. For consequential, special damages, exemplary and other damages, in an amount subject to proof at trial.

## AS TO THE FOURTH CAUSE OF ACTION
### (Unfair Business Practices)
Against all Defendants

12. As a result of Defendants' conduct and pursuant to Business and Professions Code, Section 17203, and pursuant to the equitable powers of this Court, Plaintiff prays that Defendants be primarily and permanently enjoined from making misrepresentations and falsely labeling goods;

13. As a further proximate result of Defendants and pursuant to Business and Professions Code, Sections 17203 and pursuant to the equitable powers of this Court, Plaintiff prays that Defendants be ordered to restore to the Plaintiff all funds acquired by means of any practice declared by this Court to be unfair competition under Business and Professions Code, Section 17200, *et. seq.* and untrue and misleading advertising under Section 17500, *et. seq.*

## AS TO THE FIFTH CAUSE OF ACTION
### (Intentional Interference with Contractual Relationship)
Against all Defendants

14. For consequential, special damages and exemplary damages in an amount subject to proof at trial.

## AS TO ALL CAUSES OF ACTION

Against all Defendants

15. For costs of suit herein incurred; and

16. For such other and further relief as the Court may deem just and proper.

Dated: March 9, 2012

                 PAUL D. SUPNIK

                 HOWARD S. FISHER

By: *[signature]*
Paul D. Supnik
Attorneys for Plaintiff
Seven Management Services, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

### CV12- 2017 DSF (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
PAUL D. SUPNIK (CBN 52842)
HOWARD S. FISHER (CBN 70835)
9401 Wilshire Blvd. - Suite 1250
Beverly Hills, CA 90212
Tel.: (310) 859-0100

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVEN MANAGEMENT SERVICES, INC., <br><br> PLAINTIFF(S) <br> v. <br> ANDRE WAISMANN, and DOES 1 through 10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV12-2017 DSF (JCx) <br><br><br> SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, PAUL D. SUPNIK_____, whose address is 9401 Wilshire Blvd. - Suite 1250, Beverly Hills, CA 90212_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __MAR - 9 2012__

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)   SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SEVEN MANAGEMENT SERVICES, INC.

**DEFENDANTS**
ANDRE WAISMANN, and DOES 1 through 10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

PAUL D. SUPNIK (CBN 52842)
9401 Wilshire Blvd. - Suite 1250
Beverly Hills, CA 90212  Telephone: 310-859-0100

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1051 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-2017

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                         CIVIL COVER SHEET                         Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Israel |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date March 9, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |